## JOHN CURRY v. THE STATE.

THEFT OF CATTLE. — Note evidence held to be too indeterminate and inconclusive to identify the accused as the person by whom the theft of a cow was perpetrated.

APPEAL from the District Court of Titus. Tried below before the Hon. B. T. ESTES.

The material facts are recapitulated in the opinion.

No brief for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

CLARK, J. From the evidence contained in the statement of facts before us, it appears that sometime in August, 1879, John Morris, the owner of the cow alleged to have been stolen by the appellant, missed his cow from the range, and, hearing that appellant had been killing beeves, went to the farm upon which appellant lived as a renter,

with other tenants, and found spread out upon the roof of a stable in the horse-lot upon the premises, the hide of an animal, which he identified as having been taken from his cow. The tail and ears had been cut off, and the hide was spread with its flesh side up, in plain view of the house and road. The animal appears not to have been branded.

In company with others, the owner, Morris, went again upon the premises, on the succeeding day, and found, about three hundred and fifty yards from appellant's house, the head of an animal freshly skinned, which was identified also as belonging to his cow. There seems to have been but one horse-lot upon the farm, which was used by all the tenants, and that the house in which appellant lived was nearer to the horse-lot than the houses of the others. Being arrested for the crime by the party, appellant became much excited, and on the way to the county jail attempted to make his escape. The party making the arrest consisted of eleven men, including Morris, the owner of the cow; and the arrest was made without warrant.

These are the main features of the evidence; and viewing them from the most favorable stand-point for the prosecution, we cannot say they are sufficient to authorize us to allow the verdict to stand and become a precedent. There is an entire absence of any evidence pertinently identifying the defendant with the transaction constituting the offence charged against him. The indiscriminate use of the horse-lot by others as well as the defendant renders it as probable that some one else may have placed the hide upon the stable as that it was done by the defendant, and the discovery of the head of the animal at the back of the field of the farm, in a thicket, standing alone or in connection with other testimony, fails to point with more significance to the defendant as the guilty party than to other residents upon said farm. The agitation of the defendant, and his attempted escape while being conveyed to jail, may, in the absence of testimony more clearly pointing to his guilt, be

attributed to some motive other than a consciousness of guilt and an apprehension of legal punishment.

Other evidence is probably accessible to the prosecution by which the guilty party may be identified; and, to the end that a fuller investigation may be had, the judgment is reversed and the cause remanded.

*Reversed and remanded.*